```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
YUSEF GREEN,                                            :

                    Plaintiff,                          :
                                                             REPORT and RECOMMENDATION
              -against-                                 :
                                                                  09 Civ. 2636 (PAC)(KNF)
GONZALEZ (FIRST NAME UNKNOWN) AND                       :
LATRAVIOTA WELLS,
                                                        :
                    Defendants.
--------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

The plaintiff, Yusef Green ("Green"), proceeding pro se, brings this action, under 42 U.S.C. § 1983, against the defendants, New York City police officers Gonzalez ("Gonzalez") and Latraviota Wells ("Wells"). Reading the Amended Complaint liberally, the Court understands Green to be asserting the following claims: (1) unlawful search and seizure; (2) false arrest; (3) malicious prosecution; and (4) racial profiling.[1]

Before the Court is Wells' motion to dismiss the Amended Complaint, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).[2] Green opposes the motion.

---

[1] Wells' motion to dismiss raises the prospect that Green is also asserting a claim of conspiracy. However, the Court, reading the plaintiff's Amended Complaint "so as to do justice," see Fed. R. Civ. P. 8(e), does not find Green to be asserting such a claim and, therefore, does not address the arguments advanced for dismissal of the purported claim.

[2] In a letter, dated March 19, 2010, Wells' counsel provided Green the name, shield number and proper service address for Gonzalez. However, Green has yet to serve Gonzalez with the summons and a copy of the Amended Complaint, and the time for effecting service of process has expired. See Fed. R. Civ. P. 4(m).

BACKGROUND

**Facts**

The Court derives the following facts from the Amended Complaint and accepts them as true for the limited purpose of analyzing the instant motion.

On March 16, 2007, Gonzalez and Wells stopped Green's vehicle, as he drove on the Bruckner Expressway service road in Bronx County, New York. Prior to the stop, Green had not violated any traffic laws. Green asked Gonzalez why his vehicle was stopped. Gonzalez replied that Green "was stopped at [a] traffic light for too long." Gonzalez cited two other reasons for the stop. Gonzalez ordered Green to step out of the vehicle and told Green he could not drive in New York "without a registration card." Green told Gonzalez that his registration information was on his "temp-plate" because he purchased his vehicle outside New York State. Green asked Gonzalez to "run [his] VIN #, [] license and [] insurance information," but Gonzalez did not. Gonzalez then searched Green's vehicle and arrested him.

As a result of the defendants' actions, Green "suffered pain and mental distress" and spent "two weeks in the Bronx County jail and over two years in federal custody[.]" Green seeks $3,094,600 in damages.

**Judicially-Noticed Facts**[3]

---

[3] Although Wells submitted materials outside the pleadings in support of her motion to dismiss, the Court has determined not to treat her motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Notwithstanding the Rule 12(d) conversion requirement, when deciding a motion to dismiss, a district court may consider matters of which judicial notice may be taken. Global Network Communications v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006); see Fed. R. Evid. 201. "[C]ourts routinely take judicial notice of documents filed in other courts, [] not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991). The facts of which the Court has taken judicial notice are derived from filings in this court and the New York State Supreme Court, Bronx County ("Bronx Supreme

(continued...)

In addition to the facts derived from the Amended Complaint, the Court takes judicial notice of the following:

On March 16, 2007, Green was arraigned in the Bronx Supreme Court, on the following charges: (1) two counts of third-degree criminal possession of a controlled substance; (2) second-degree bribery; (3) third-degree bribery; (4) second-degree obstruction of governmental administration; (5) two counts of operating a motor vehicle while under the influence of alcohol; and (6) violating the maximum speed limit.

On April 20, 2007, a Bronx County grand jury returned an indictment against Green, Indictment # 1601/2007, charging: (1) two counts of third-degree criminal possession of a controlled substance; (2) third-degree bribery; and (3) operating a motor vehicle while under the influence of alcohol.

On August 9, 2007, the United States attorney for the Southern District of New York filed a two-count criminal complaint, in this court, against Green, arising from his March 2007 arrest. On November 14, 2007, a federal grand jury charged Green with: (1) distributing and possessing, with intent to distribute, OxyContin; and (2) attempting to distribute and possess, with intent to distribute, Dilaudid. Green pleaded guilty to these charges on August 13, 2008.

On March 28, 2008, the Bronx County district attorney recommended that the Bronx Supreme Court dismiss Indictment # 1601/2007 against Green, owing to his prosecution in this court, on charges arising from the same transaction. On April 4, 2008, the Bronx Supreme Court dismissed the indictment.

---

(...continued)
Court") and are, accordingly, appropriate subjects for judicial notice. See Fed. R. Evid. 201(b). Hence, the Court finds the judicial notice exception to the conversion requirement to be applicable in the instant action.

DISCUSSION

**Standard for Rule 12(b)(6) Motion to Dismiss**

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. Warney v. Monroe County, 587 F.3d 113, 116 (2d Cir. 2009); see Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (clarifying that a court is not bound to accept the veracity of "legal conclusions"). A party must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); see Iqbal, 129 S. Ct. at 1949 (finding "[t]he plausibility standard" implies more than "sheer possibility," but less than probability). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

**False Arrest**

Wells contends that Green's claim for false arrest is barred, as a matter of law, by his guilty plea to federal criminal charges arising from his arrest.

"[A] plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006). "[A] conviction of the plaintiff following [] arrest is viewed as establishing

the existence of probable cause." Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986), cert. denied, 481 U.S. 1016, 107 S. Ct. 1894 (1987).  Accordingly, a plaintiff "can under no circumstances recover if he was convicted of the offense for which he was arrested." Id.  This is true regardless of whether a plaintiff is convicted at trial or upon entry of a guilty plea.  See Almonte v. Florio, No. 02 Civ. 6722, 2004 WL 60306, at *6 (S.D.N.Y. Jan. 13, 2004); Roundtree v. City of New York, 778 F. Supp. 614, 619 (E.D.N.Y. 1991).  A plaintiff may be barred from pursuing a false arrest claim even if he pleads guilty to a lesser charge than that for which he was arrested.  Roundtree, 778 F. Supp. at 619; Hope v. City of New York, No. CV-08-5022, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010).

In his Amended Complaint, Green alleges Gonzalez searched his vehicle unlawfully prior to arresting him.  In his opposition to Wells' motion to dismiss, Green elucidates that, during the search, Gonzalez found $36,000 and 208 OxyContin tablets.  Gonzalez and Wells arrested Green on charges of, inter alia, criminal possession of a controlled substance.  Green eventually pleaded guilty to federal drug charges arising from the March 2007 search of his vehicle.  Although Green pleaded guilty to federal, rather than state, drug charges, "the activity forming the basis for the arrest is the same as the activity to which the defendant pleaded guilty." Hope, 2010 WL 331678, at *3 n. 4. Hence, considering that a single transaction gave rise to both the state and federal charges, Green's guilty plea in his federal case establishes that the defendants had probable cause to arrest him in March 2007.

Accordingly, Green's guilty plea in his federal case bars his false arrest claim.

**Unlawful Search and Seizure**

Wells contends that Green's claim for unlawful search and seizure must be dismissed because he has failed to identify a compensable injury arising from the defendants' alleged misconduct.

Alternatively, Wells maintains that Green's guilty plea bars his claim.

The fruit of the poisonous tree doctrine is inapplicable in 42 U.S.C. § 1983 actions, preventing a plaintiff from recovering damages for a conviction and incarceration arising from an unreasonable seizure and search. See Townes v. City of New York, 176 F.3d 138, 145 (2d Cir. 1999). In other words, a plaintiff asserting a claim of unreasonable search and seizure under § 1983 "may recover damages directly related to the invasion of [his] privacy . . . but . . . cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." Id. at 148.

In his Amended Complaint, Green alleges that, as a result of the actions of Gonzalez and Wells, he "suffered two weeks in the Bronx County jail and over two years in federal custody[.]" Wells is correct that Green may not recover damages for his incarceration under a claim for unlawful search and seizure. However, Green also alleges he suffered pain and mental distress, as a result of Gonzalez and Wells' conduct. The Court construes this allegation as Green's attempt to seek damages for the invasion of privacy related to the stop and search of his vehicle. Though Green's claim may only yield "slight or nominal damages," see id. at 145, he has pleaded a claim for compensable relief. Moreover, Green's guilty plea "does not preclude him from [] seeking to recover damages under 42 U.S.C. § 1983 for an alleged Fourth Amendment violation[.]" Haring v. Prosise, 62 U.S. 306, 323, 103 S. Ct. 2368, 2378 (1983). In the absence of evidence that judgment in favor of Green, on his unlawful search and seizure claim, would "necessarily imply the invalidity" of his federal conviction, his claim should be allowed to proceed. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994).

## RECOMMENDATION

For the reasons set forth above, I recommend that your Honor grant Wells' motion to dismiss Green's claim for false arrest, but deny the motion, as it relates to Green's claim for unlawful search and seizure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 630, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 145, 106 S.Ct. 466, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
November 22, 2010

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Yusuf Green  
Lisa Marie Richardson, Esq.